IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

ELIZABETH K.,

       Plaintiff,

v.                                                Case No. 2:25cv627

FRANK BISIGNANO,
Commissioner of Social Security,

       Defendant.

## REPORT AND RECOMMENDATION

Plaintiff Elizabeth K. ("Plaintiff") filed this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of Defendant Frank Bisignano, the Commissioner of the Social Security Administration ("the Commissioner"), denying Plaintiff's claim for disability insurance benefits ("DIB") under the Social Security Act. This action was referred to the undersigned United States Magistrate Judge ("the undersigned") pursuant to 28 U.S.C. § 636(b)(1)(B)–(C), Federal Rule of Civil Procedure 72(b), Eastern District of Virginia Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges. ECF No. 9.

Presently before the Court is Plaintiff's brief in support of reversal and remand of the Commissioner's decision denying benefits, ECF No. 11, and the Commissioner's brief in support of the Commissioner's decision denying benefits, ECF No. 12. After reviewing the briefs, the undersigned makes this recommendation without a hearing pursuant to Federal Rule of Civil Procedure 78(b) and Eastern District of Virginia Local Civil Rule 7(J). For the following reasons, the undersigned **RECOMMENDS** that the final decision of the Commissioner be **VACATED** and **REMANDED.**

## I. <u>PROCEDURAL BACKGROUND</u>

Plaintiff protectively filed an application for DIB on August 25, 2021, alleging disability due to post-traumatic stress disorder, heart disease, vocal cord dysfunction, mental health concerns, depression, anxiety, heart attacks, hypertension, thyroid goiter, and a risky implantable cardioverter-defibrillator. R. at 74, 160.[1] Plaintiff's application was initially denied on June 20, 2023, and again denied upon reconsideration on December 15, 2023. R. at 73, 83. Plaintiff requested a hearing before an administrative law judge. R. at 108.

A hearing was held on August 30, 2024, at which Plaintiff appeared with counsel before Administrative Law Judge William Pflugrath ("the ALJ"). R. at 36–72. Plaintiff testified at the hearing, as did Tanja Hubacker ("VE Hubacker"), an impartial vocational expert. R. at 43–72. On September 25, 2024, the ALJ issued a decision finding Plaintiff not disabled. R. at 17–31.

Plaintiff filed a request with the Appeals Council to reconsider the ALJ's decision. R. at 157. In her request for review, Plaintiff included a report from Karen Starr, an "Accredited Disability Representative" ("the Starr Report"), who offered opinions about the vocational evidence that the ALJ relied on in making his decision. R. at 1–11, 451–57. The Appeals Council denied Plaintiff's request to reconsider the ALJ's decision on August 5, 2025. R. at 1–5. The Appeals Council reviewed the Starr Report and made it part of the record, but ultimately determined it did not provide a basis for changing the ALJ's decision and declined to review Plaintiff's claim. R. at 1–3. Accordingly, the ALJ's decision is the final decision of the Commissioner. R. at 1–5.

Having exhausted her administrative remedies, on October 1, 2025, Plaintiff filed a Complaint for judicial review of the Commissioner's decision. ECF No. 1. In accordance with

---

[1] "R." refers to the certified administrative record that was filed under seal on November 25, 2025, ECF No. 8, pursuant to Eastern District of Virginia Local Civil Rules 5(B) and 7(C)(1).

the Supplemental Rules for Social Security Actions, on December 22, 2025, Plaintiff filed a brief in support of reversal and remand of the Commissioner's decision. ECF No. 11. On January 20, 2026, the Commissioner filed a brief in support of the Commissioner's decision denying benefits. ECF No. 12. Plaintiff filed a reply brief on February 5, 2026. ECF No. 13. Because the matter is fully briefed, it is now ripe for recommended disposition.

## II. <u>RELEVANT FACTUAL BACKGROUND</u>

Plaintiff's medical history is largely irrelevant for the Court's analysis of this action because Plaintiff's arguments relate to purely legal issues alleged to have occurred at step five of the sequential evaluation process. Accordingly, the Court does not engage in discussion of Plaintiff's medical records.

## III. <u>THE ALJ'S DECISION</u>

To determine if the claimant is eligible for benefits, the ALJ conducts a five-step sequential evaluation process. 20 C.F.R. § 404.1520; *Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015) (summarizing the five-step sequential evaluation). At step one, the ALJ considers whether the claimant has worked since the alleged onset date, and if so, whether that work constitutes substantial gainful activity. § 404.1520(a)(4)(i). At step two, the ALJ considers whether the claimant has a severe physical or mental impairment that meets the duration requirement. § 404.1520(a)(4)(ii). At step three, the ALJ determines whether the claimant has an impairment that meets or equals the severity of a listed impairment set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1. § 404.1520(a)(4)(iii). If the claimant does not have an impairment that meets or equals the severity of a listed impairment, the ALJ will determine the claimant's residual functional capacity, that is, the most the claimant can do despite her impairments. § 404.1545(a). At step four, the ALJ considers whether the claimant can still perform past relevant work given his or her

3

residual functional capacity.  § 404.1520(a)(4)(iv). Finally, at step five, the ALJ considers whether the claimant can perform other work.  § 404.1520(a)(4)(v).

The ALJ will determine the claimant is not disabled if: they have engaged in substantial gainful activity at step one; they do not have any severe impairments at step two; or if the claimant can perform past relevant work at step four. *See Jackson v. Colvin*, No. 2:13cv357, 2014 WL 2859149, at *10 (E.D. Va. June 23, 2014).  The ALJ will determine the claimant is disabled if the claimant's impairment meets the severity of a listed impairment at step three, or if the claimant cannot perform other work at step five. *Id.*; *see also Mascio*, 780 F.3d at 634–35 (noting the ALJ will only determine the claimant's residual functional capacity if the first three steps do not determine disability).

Under this sequential analysis, the ALJ made the following findings of fact and conclusions of law:

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date of April 16, 2021. R. at 20.  At step two, the ALJ found that Plaintiff had the following severe impairments: post-traumatic stress disorder, ischemic heart disease, myocardial infarction, heart failure, and essential hypertension. R. at 20.  At step three, the ALJ considered Plaintiff's severe impairments and found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1.  R. at 20–23.

After step three, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work, with the following limitations:

> [Plaintiff] can frequently but not always balance; she can only occasionally climb stairs, stoop, kneel, and crouch; she can never climb ladders or crawl; [she] can frequently but not always handle objects (i.e., gross manipulation) with the left hand (she is right-hand dominant); she can have no more than occasional exposure to

extreme cold, vibration, fumes, gases or pulmonary irritants or workplace hazards such as unprotected heights or dangerous machinery; she can have no exposure to sustained, loud noises, or to bright lights; [she] must have ready access to a restroom (i.e., in an office setting or on the same floor); she is limited to only rare interaction with the public; and she is limited to only occasional interaction with co-workers and supervisors.

R. at 23.

In making this determination, the ALJ considered "all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 C.F.R. § 404.1529 and SSR 16-3p." R. at 23.

At step four, the ALJ determined that Plaintiff was incapable of performing her past relevant work as a food server, which is considered light, semiskilled work, and as a cook, which is considered medium (though she performed as light), skilled work. R. at 29.

While Plaintiff cannot resume her prior employment, the ALJ determined at step five that Plaintiff could perform other jobs that exist in significant numbers in the national economy, including the following representative occupations: marker, with 70,000 jobs nationally; routing clerk, with 65,000 jobs nationally; and cleaner, with 100,000 jobs nationally. R. at 30–31. Thus, the ALJ determined that Plaintiff was not disabled from the alleged onset date, April 16, 2021, through the date of his decision, September 25, 2024. R. at 31.

## IV. <u>STANDARD OF REVIEW</u>

Under the Social Security Act, the Court's review of the Commissioner's final decision is limited to determining whether the decision was supported by substantial evidence in the record and whether the correct legal standard was applied in evaluating the evidence. *See* 42 U.S.C. § 405(g); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "evidence as a reasonable mind might accept as adequate to support a conclusion." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "It consists

of 'more than a mere scintilla of evidence but may be somewhat less than a preponderance.'" *Britt v. Saul*, 860 F. App'x 256, 260 (4th Cir. 2021) (quoting *Craig*, 76 F.3d at 589). The Court looks for an "accurate and logical bridge" between the evidence and the ALJ's conclusions. *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018); *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016); *Mascio v. Colvin*, 780 F.3d 632, 637 (4th Cir. 2015).

In determining whether the Commissioner's decision is supported by substantial evidence, the Court does not "re-weigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [Commissioner]." *Craig*, 76 F.3d at 589. If "conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [Commissioner] (or the [Commissioner's] designate, the ALJ)." *Id.* (quoting *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987)). Accordingly, if the Commissioner's denial of benefits is supported by substantial evidence and applies the correct legal standard, the Court must affirm the Commissioner's final decision. *Hays*, 907 F.2d at 1456.

## V. ANALYSIS

Plaintiff's appeal to this Court raises a single challenge—that the Appeals Council erred when it failed to discuss rebuttal vocational evidence submitted to it. ECF No. 11 at 4–13. Specifically, Plaintiff submitted a rebuttal report from vocational expert Karen Starr ("the Starr Report"), who disputed VE Hubacker's testimony from the ALJ hearing. *Id.* at 5–11. Plaintiff argues that because the Starr Report contradicts VE Hubacker's testimony, the Appeals Council should have discussed it, and their failure to do so warrants remand. *Id.* at 5–13. In response, the Commissioner argues that Plaintiff's submission of the Starr Report does not satisfy the criteria for Appeals Council review, and substantial evidence supports the ALJ's decision. ECF No. 12 at 7–14.

6

Pursuant to the Social Security Administration regulations, a claimant may request that the Appeals Council review an ALJ's decision.   § 404.967.   Claimants are permitted to submit additional evidence that was not before the ALJ for the Appeals Council to consider in their request for review.   §§ 404.968, 404.970(b).   In evaluating whether to consider the additional evidence, the Appeals Council will determine whether the additional evidence is "new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision."   § 404.970(a)(5) "Evidence is new if it is not duplicative or cumulative." *Meyer v. Astrue*, 662 F.3d 700, 705 (4th Cir. 2011) (internal quotations and citation omitted).   Moreover, the Appeals Council will only consider additional evidence if the claimant can demonstrate good cause for not informing the Social Security Administration or submitting the evidence to the ALJ.[2] § 404.970(b).   The Appeals Council will evaluate all the additional evidence it receives, but only marks as an exhibit and incorporates into the official record the additional evidence it determines meets this criterion.   § 404.976(b).   If the Appeals Council determines that the evidence does not meet the criteria for consideration (i.e., the evidence is not new or material, does not relate to the period on or before the ALJ's decision, or the claimant did not demonstrate good cause for failing to submit it earlier), then the Appeals Council will not consider the evidence or incorporate it in the record, and will send the claimant a notice advising why it did not accept the additional evidence.[3] § 404.976(b).

---

[2] A claimant may show good cause to the Appeals Council by demonstrating that action from the Social Security Administration misled the claimant; the claimant had a physical, mental, educational, or linguistic limitation that prevented him or her from providing the information sooner; or some other unexpected or unavoidable circumstance such as sickness, or natural disaster occurred.   §§ 404.970 (b)(1)–(3), 416.1470(b).

[3] The distinction of whether the Appeals Council exhibits the evidence and incorporates it into the record is important because it affects whether the Court considers remand under sentence four or sentence six of 42 U.S.C. § 405(g). If the Appeals Council "considered and incorporated the new evidence, the Court must address the new evidence under sentence four of Section 405(g)," but "if the Appeals Council declined to

7

But, if the Appeals Council finds that the evidence does meet the criteria, then it will evaluate the entire record, including the new evidence, and consider whether to grant or deny review. *Meyer*, 662 F.3d at 705; § 404.979. If the Appeals Council determines that in light of the entire record, the ALJ's "action, findings, or conclusion is contrary to the weight of the evidence currently of record, . . . it will grant the request for review and either issue its own decision on the merits or remand the case to the ALJ." *Meyer*, 662 F.3d at 705 (citation and internal quotations omitted). If the Appeals Council determines that the ALJ's actions, findings, or conclusions were *not* contrary to the weight of the evidence, the Appeals Council may deny or dismiss the request for review. *Id.* Upon review in federal court, the court's role is to review the record as a whole, including the new evidence, and determine whether substantial evidence supports the ALJ's conclusions. *Id.* at 704. The Appeals Council is not required to explain its rationale for denying review.[4] *Id.* at 705. However, if the new evidence controverts other evidence in the record, judicial review is possible, but the Court must be mindful of its obligation not to engage in the role of the factfinder. *See id.* at 707.

Absent an explanation from the Appeals Council why it denied benefits, the Court may assess the probative value of competing evidence only if the evidence is "so 'one-sided' as to require the conclusion that 'substantial evidence supports the ALJ's denial of benefits here.'" *Wiebusch v. Comm'r, Soc. Sec. Admin.*, No. 20-1590, 2022 WL 2965653, at *5 (4th Cir. July 27,

---

consider and to incorporate the new evidence into the record, the Court must evaluate the new evidence under sentence six of Section 405(g)." *Echols v. Kijakazi*, No. 1:22cv480, 2023 WL 3435101, at *11 (M.D.N.C. May 12, 2023). Here, because the Appeals Council explicitly stated that the additional evidence was "exhibited" and they were making it "part of the record" the Court considers whether to remand under sentence four of 42 U.S.C. § 405(g). *See* R. at 1–5.

[4] Though not required, "an express analysis of the Appeals Council's determination would [be] helpful for purposes of judicial review." *Meyer v. Astrue*, 662 F.3d 700, 706 (4th Cir. 2011) (internal quotations omitted) (quoting *Martinez v. Barnhart*, 444 F.3d 1201, 1207–08 (10th Cir. 2006)).

2022) (quoting *Meyer*, 662 F.3d at 707). Otherwise, if the new evidence controverts other evidence credited by the ALJ, the reviewing court cannot take on the role of the factfinder and must remand the matter for further factfinding. *Meyer*, 662 F.3d at 707; *Wiebusch*, 2022 WL 2965653, at *5 ("*Meyer* stands for the proposition that remand may be appropriate in cases where the question of whether substantial evidence supports the ALJ's decision is a close one.").

At the ALJ hearing, the ALJ sought testimony from VE Hubacker. R. at 65–70. VE Hubacker testified that a hypothetical person with Plaintiff's age, education, work experience, and RFC would be able to perform the jobs of marker (with 70,000 jobs nationally), routing clerk (with 65,000 jobs nationally), and cleaner (with 100,000 jobs nationally). R. at 67–68. VE Hubacker testified that the positions she identified were not changed from the original DOT description as they are currently performed, and that there were no conflicts between the functional requirements of those jobs and the descriptions in the DOT. R. at 69.

After receiving an unfavorable decision from the ALJ, Plaintiff filed a request for review with the Appeals Council. R. at 451. Therein, Plaintiff argued the ALJ erred by denying benefits at step five because the ALJ did not properly consider whether the jobs the ALJ relied on exist in significant numbers in the national economy. R. at 451. Attached to her request for review, Plaintiff included the Starr Report. R. at 451–54.

In the Starr Report, Karen Starr, an "Accredited Disability Representative," opines that the job numbers stated by VE Hubacker were overstated. R. at 452. In forming her opinion, Karen Starr relied on her experience, as well as current information about how jobs are performed as identified by the United States Department of Labor Occupational Requirements Survey, O*NET, the DOT, and Job Browser Pro SkillTRAN software. R. at 452. For all three jobs, Karen Starr found that a limitation to occasional interaction with coworkers and supervisors would be

9

incompatible with all three occupations because a thirty-day training period for all three jobs would require more than occasional interaction. R. at 452. With respect to the marker occupation, Karen Starr found that only 13,000 jobs exist nationally, and the job requires more standing, and skill than outlined in Plaintiff's RFC. R. at 453. With respect to the routing clerk job, Karen Starr found that only 22,000 jobs exist nationally, and 26% are not full-time jobs. R. at 453. She further found that it is essentially a skilled position and requires more social interaction than Plaintiff's RFC. R. at 453. Lastly, as for the cleaner position, Karen Starr found that 84% of cleaners stand/walk continuously throughout the day, which is incompatible with Plaintiff's RFC, only 35% of the positions are full time, and of the full-time positions, only 23.1% are compatible with an RFC limitation to light work. R. at 454. Finally, she found that rare interaction with the public would preclude the cleaner position. R. at 454.

The Appeals Council denied Plaintiff's request for review. R. at 1. In doing so, they stated "[y]ou submitted reasons that you disagree with the decision. We considered the reasons and exhibited them on the enclosed Order of the Appeals Council. We found that the reasons do not provide a basis for changing the [ALJ's] decision." R. at 1. The Order of the Appeals Council states: "[t]he Appeals Council has received additional evidence which it is making part of the record[]" and included a copy of the Starr Report. R. at 5 (citing Exhibit 23E or R. 451–57.).

Here, the Court first finds that because the Appeals Council explicitly made the Starr Report part of the record, they implicitly found that Plaintiff met the criteria for consideration of additional evidence—that is, they implicitly found that the Starr Report was new, material, relates to the period on or before the ALJ's decision, and Plaintiff had good cause for failing to submit it earlier. *See* §§ 404.970(a)(5), 404.970(b), 404.976(b). Although the Commissioner argues that Plaintiff did not satisfy the criteria for review (ECF No. 12 at 11–12), that argument is belied by

the record because the Appeals Council "only mark[s] as an exhibit and make[s] part of the official record additional evidence that it determines meets the requirements of § 404.970(a)(5) and (b)." *See* § 404.976. The Appeals Council explicitly stated that they received the additional evidence (the Starr Report) and "is making [it] part of the record." R. at 5. Accordingly, the Court finds that the Appeals Council found that Plaintiff's submission of the Starr Report met the criteria for review.

Second, because the Appeals Council determined that the Starr Report met the criteria for review, the Court further finds that the Appeals Council considered the Starr Report in issuing its summary denial of review of the ALJ's decision. *See Meyer*, 662 F.3d at 705. Because the Appeals Council considered the Starr Report, this Court's role is to review the record as a whole, including the Starr Report, to determine if substantial evidence supports the ALJ's decision. *See id.* at 707.

However, the Appeals Council did not address the Starr Report's substantive findings or compare it to VE Hubacker's testimony. *See* R. at 1–5. Without the Appeals Council's reasoning for denying review even in consideration of the Starr Report, this Court may only assess the probative value of the Starr Report if all the evidence in the record is so "one-sided as to require the conclusion that substantial evidence supports the ALJ's denial of benefits." *See Wiebusch*, 2022 WL 2965653, at *5 (internal quotation removed). Otherwise, if the Starr Report contravenes other evidence credited by the ALJ, this Court cannot engage in the role of the factfinder and must remand the matter for further factfinding. *See id.* at *5; *Meyer*, 662 F.3d at 707.

Accordingly, third, the Court finds that the Starr Report directly contravenes the VE Hubacker's testimony regarding Plaintiff's ability to perform the jobs that she identified and contravenes her testimony about the availability of those jobs in the national economy. As just one example, VE Hubacker testified that despite a limitation to rare interaction with the public

(defined as less than 5% of the time), and only occasional interaction with coworkers and supervisors, Plaintiff could perform the jobs of marker, routing clerk, and cleaner. R. at 67–68. However, in the Starr Report, Karen Starr finds that the marker and routing clerk positions regularly require more than occasional interaction with coworkers and supervisors, and the cleaner position requires more than rare interaction with the public. R. at 453–54. The Starr Report opines that "there is only evidence, at best, of a trace number" of the jobs identified by VE Hubacker. R. at 454. Here, no factfinder has attempted to reconcile the Starr Report with the evidence in the record, including VE Hubacker's testimony. Because the evidence is not "so one-sided" to support the conclusions that substantial evidence supports the ALJ's denial of benefits, this Court cannot take on the role of the factfinder and must remand the matter for further factfinding regarding the impact of the Starr Report on the availability of jobs in the national economy that Plaintiff can perform.[5]

## VI. RECOMMENDATION

For the reasons explained above, the undersigned **RECOMMENDS** that the final decision of the Commissioner be **VACATED** and **REMANDED** for further proceedings consistent with this Report and Recommendation under sentence four of 42 U.S.C. § 405(g).

## VII. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve on the other party and file with the Clerk of the Court specific written objections to the above findings and recommendations within fourteen days from the date

---

[5] Plaintiff also argues that *any* reduction of the number of jobs that the VE identified at the hearing would warrant remand because the factfinder would need to assign significance to the number of available jobs in the economy. ECF No. 11 at 11–13. To be clear, the Court makes no findings or opinions as to this argument because remand is warranted for factfinding regarding the impact of the Starr Report in the first instance.

12

this Report and Recommendation is forwarded to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to the counsel of record for Plaintiff and the Commissioner.

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
July 10, 2026

13